### HALL *v.* CANARY.

*(City Court of New York, General Term.   March 10, 1891.)*

APPEAL—REVIEW—WEIGHT OF EVIDENCE.
  Where the issues raised were entirely of fact, and the evidence contradictory, and the charge to the jury fully stated such issues, the verdict should not be disturbed.

Appeal from special term.

Mary A. Hall sued Thomas Canary.   This action was brought to recover the sum of $548.46 for feed, etc., alleged to have been sold and delivered by plaintiff to the defendant between the 1st and 17th days of May, 1890.   The defendant admits the delivery "of the goods mentioned in the complaint," and sets up as a partial defense that the plaintiff charged more than the market price for the goods; that the goods were not of the best quality, as agreed upon; that defendant suffered loss by reason of the inferior quality of the goods delivered; and asks for judgment on the counter-claim for the sum of $350.   The action came on for trial before Justice VAN WYCK and a jury on the 14th day of November, 1890.   Evidence was offered on the part of the plaintiff and defendant as to the value of the goods, and on this point the evidence was contradictory.   The case was submitted to the jury under the charge of the trial justice, and the jury rendered a verdict in favor of the plaintiff for $500.   Defendant's counsel moved for a new trial on the minutes, exceptions, etc., which motion was denied, and on the 17th day of November an order was entered on said motion denying said motion.   From that order defendant appeals.

Argued before EHRLICH, C. J., and McGOWN, J.

*Albert L. Sire,* for appellant.   *Edward Browne,* for respondent.

McGOWN, J.   We have carefully examined the evidence herein, and also the exceptions taken upon the trial, and we do not consider the exceptions well taken, but think they are without merit.   The issues raised were entirely issues of fact, the evidence thereon being contradictory, to be passed upon by the jury.   Such issues were fully and fairly submitted to the jury by the trial justice in his charge, and the jury rendered a verdict in the favor of the plaintiff for the sum of $500.   The amount claimed by the plaintiff was the sum of $548.46, with interest. ‾ Evidence was introduced on both sides as to the value of the goods, the defendant stating on his cross-examination that, "if the goods were all right as to quality, the prices would not be excessive."   The jury, in rendering their verdict for $500, instead of for the whole amount claimed, $548.46, evidently passed upon the evidence as to value, and made a deduction in favor of defendant for the sum of $48.46, thus finding on the question of the value of said goods only the sum of $500.   We do not find any reason for interfering with the verdict as rendered, and the judgment appealed from must be affirmed, with costs to the appellant.

EHRLICH, C. J., concurs.